Ashkan Yekrangi [SBN 276211]
Yekrangi & Associates
1 Park Plaza, Suite 600
Irvine, CA 92614
Ph: (949) 285-1836
Fx: (949) 271-2355
ashkan@yeklaw.com
Attorney for Petitioner

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| Reza Saadat<br><br>Petitioner,<br>v.<br><br>Fereti Semaia, Warden of Adelanto Detention Facility;<br><br>Thomas Giles, Field Office Director of the Los Angeles Field Office of U.S. Immigration and Customs Enforcement;<br><br>Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and<br><br>Todd Blanche, Attorney General of the United States.<br><br>Respondents. | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>A No. 249-385-990 |

**PETITION FOR WRIT OF HABEAS CORPUS**

**EXPEDITED BRIEFING REQUESTED**

Petitioner requests expedited briefing pursuant to California Central District General Order No. 26-05. Petitioner also requests an expedited decision. Each day Petitioner is detained in violation of his Due Process rights is irreparable harm.

**FACTS**

Following his entry into the United States without inspection near the Mexican border on or about August 8, 2024, Petitioner was detained and processed by immigration authorities. Petitioner was then released his own recognizance and granted parole on October 9, 2024. *See* Exhibit A. On September 14, 2024, DHS issued a formal Notice to Appear, charging him with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. *See* Exhibit B. Petitioner's case was placed on the non-detained docket in the Los Angeles Immigration Court, and he was permitted to pursue his case while living in the United States.

Petitioner filed a Form I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture.

The case proceeded in the Los Angeles Immigration Court before Immigration Judge Daniel H. Malvin, where Petitioner submitted crucial corroborating evidence of his asylum claim, including proof of his anti-regime activism in Iran, social media presence, and conversion to Christianity.

Petitioner has faithfully attended all of his immigration court hearings and has now attended five hearings. On September 3, 2026, Petitioner's first merits hearing commenced before Judge Malvin and was continued to October 20, 2026. At the continued merits hearing on October 20, 2026, testimony did not complete, and the matter was reset for a continued merits hearing on November 18, 2026.

On October 22, 2026, Petitioner was abruptly detained at his ICE check-in. It is unclear if ICE had a warrant. Petitioner has no criminal convictions. Although Petitioner was briefly arrested in August 2026, Los Angeles Superior Court documentation verified that the matter was rejected, confirming no charges were filed and Petitioner has no criminal convictions.[1] *See* Exhibit D. Furthermore, Petitioner has never missed attendance at his court hearings or ICE check-ins. Petitioner was less than a month away from his next scheduled merits hearing, where a decision was expected.

Counsel emailed ICE indicating that detaining Petitioner in the midst of his merits hearing will delay adjudication of his case, because he will be transferred to Adelanto Detention Facility and his case will be transferred to the detained docket where a new judge will be assigned. *See* Exhibit E.

[1] Petitioner was arrested for misdemeanor PC 148(a)(1) when, while on a motorcycle, he tried to convince the driver of a high-speed chase to stop. No charges were filed.

The abrupt detention of Petitioner transfers Petitioner's case to the detained docket in Adelanto, California. Petitioner has yet to be scheduled for a new hearing, and it is unclear which judge will be assigned. Petitioner alleges that his abrupt detention is a Due Process violation because he was allowed to live in the United States and relied on that freedom.

The decision to detain Petitioner was a direct interference with Petitioner's asylum claim, in that Judge Malvin was in the middle of conducting the merits hearing and taking testimony, and "but for" the detention, Petitioner would have a decision on his asylum claim from the judge who heard his testimony. Now, he languishes in detention uncertain about his case. Because Petitioner is now on the detained docket, the prior judge who heard a substantial portion of his testimony is no longer assigned to the case.

Finally, Petitioner alleges he was unjustly deprived of his liberty without Due Process because he had a liberty interest when he was initially detained and released.

## JURISDICTION

This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United

States Constitution (Suspension Clause). Jurisdiction is proper because Petitioner challenges the legality of his continued civil immigration detention under 8 U.S.C. § 1231(a) and the Constitution, and no statute strips this Court of jurisdiction to review such claims.

This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 16.

**VENUE**

Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(e) and 28 U.S.C. § 2241 because Petitioner is currently detained within the jurisdiction of this District.

"The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

"Today we affirm the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188,

1199 (9th Cir. 2024). "Habeas petitions must be filed in the district of confinement." *Id.* at 1199.

Respondents are officers or agents of the United States, and no real property is involved in this action.

## REQUIREMENTS OF 28 U.S.C. § 2243

The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). Given that Petitioner is currently physically detained, an expedited timeline for briefing and adjudication is appropriate under the statute.

## PARTIES

Petitioner is a noncitizen. He is in custody and under the direct control of Respondents.

Respondent Fereti Semaia is the Warden of Adelanto Detention Facility and Desert View Annex and has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens. Respondent is a legal custodian of Petitioner.

Respondent Thomas Giles is the Field Office Director of the Los Angeles Field Office of U.S. Immigration and Customs Enforcement.

Respondent Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security.

Respondent Todd Blanche is the acting Attorney General of the United States.

## LEGAL FRAMEWORK

**Petitioner Has A Protected Liberty Interest Because He Was Permitted to Remain at Liberty in the United States After He was Initially Detained and Released**

The Due Process Clause of the Fifth Amendment protects all persons within the United States, including noncitizens, from deprivation of liberty without due process of law. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("The Fifth Amendment entitles [noncitizens] to due process

of law in the context of removal proceedings.") (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

The Supreme Court has long recognized that individuals who have been released from custody have a protected liberty interest in their continued freedom. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolee has liberty interest); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parole release); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationer). In the immigration context, courts have held that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *see also Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1162 (C.D. Cal. 2025) (same).

Several courts in this district have held that the Due Process Clause protects not only those who have been released from physical custody, but also those whom the government has knowingly permitted to remain at liberty for an extended period through its affirmative actions. *See Abdeltawab v. Armant*, No. 5:26-cv-01520-MWF-DTB, Dkt. 9 at 3-4 (C.D. Cal. Apr. 13, 2026) (Fitzgerald, J.) (order granting

preliminary injunction and immediate release) ("Petitioner has a vested liberty interest in remaining free from detention as he has lived for the last almost seven years" after administrative closure); *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, slip op. at 2-3 (N.D. Cal. Feb. 25, 2026) (Corley, J.) ("The government's insistence Petitioner lacks a liberty interest because it never before sought to detain her is specious…Although the government did not detain and then release her, it made a decision not to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."); *A.B.J.C. v. Hermosillo,* No. 2:26-cv-00185-JNW, slip op. at 5 (W.D. Wash. Feb. 23, 2026) ("A.B.J.C.'s reliance on his freedom created a constitutionally protected liberty interest that cannot be extinguished without due process."); *Kalkan v. Chestnut*, No. 1:26-cv- 02028-DAD-EFB, slip op. at 2 (E.D. Cal. Mar. 20, 2026) (Drozd, J.) (same).

Most recently, in *Njafuh v. Andrews,* Judge Drozd granted habeas relief and ordered immediate release for a noncitizen whose asylum application had been pending for over a year, but whom Respondents had not detained during that time, finding that the decision not to detain created a protected liberty interest. No. 1:26-cv-03436-DAD-AC (HC), slip op. at 2 (E.D. Cal. May 14, 2026) (Drozd, J.) ("Respondent did not detain petitioner at that time, thus providing him with a liberty interest such that due process entitles him to a pre-deprivation hearing prior to any

re-detention.”); *see also Mayank v. Robbins*, No. 1:26- cv-02059-DAD-AC (HC), slip op. at 2 (E.D. Cal. Mar. 20, 2026) (Drozd, J.) (“Respondents concede that petitioner had filed his affirmative applications for asylum and withholding of removal in 2024.”)

**Petitioner’s Detention Without a Pre-Deprivation Hearing Violated Procedural Due Process**

Once a protected liberty interest is established, the question becomes what process is due before the government may deprive a person of that interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Courts balance three factors: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the probable value of additional safeguards; and (3) the government’s interest, including fiscal and administrative burdens.

*Private interest*: Freedom from physical restraint is “the most elemental of liberty interests.” *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). A noncitizen who has been permitted to remain at liberty for an extended period has a “weighty” interest in remaining free. *Padilla v. Bowen*, No. CV 25-10780-CAS (SK), 2025 WL 3251368, at *6 (C.D. Cal. Nov. 21, 2025) (“That Petitioner is deprived of his right to live with his family and to work underscores Petitioner’s ‘weighty’ liberty interest in remaining out of custody.”).

*Risk of erroneous deprivation*: Without a pre-deprivation hearing, the government can detain based solely on stale administrative files or a bare allegation of removability, without any contemporaneous assessment of flight risk or danger. "Civil immigration detention is permissible only to prevent flight or protect against danger to the community." *Pinchi,* 792 F. Supp. 3d at 1035. A pre-deprivation hearing before a neutral immigration judge would significantly reduce the risk of erroneous detention. *Abdeltawab,* Dkt. 9 at 4. ("The risk is especially pronounced here, where there is no reason to believe that Petitioner is or has been previously determined to be a flight risk or a danger to the community.").

*Government interest*: The government's interest in dispensing with a pre-deprivation hearing is "low" where it has already permitted the noncitizen to remain free for years and alleges no changed circumstances. *Padilla*, 2025 WL 3251368, at *7; *Kharitonova,* slip op. at 3 (N.D. Cal. Feb. 25, 2026). Bond hearings are routine and impose a "minimal cost." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). 44. On balance, due process requires a pre-deprivation hearing before a neutral immigration judge, at which the government bears the burden of proving by clear and convincing evidence that the noncitizen is a flight risk or a danger to the community. *Abdeltawab*, Dkt. 9 at 4-5; *Njafuh*, slip op. at 2; *Kalkan*, slip op. at 2-3; *Mayank*, slip op. at 2.

Post-deprivation bond hearings cannot cure the absence of a pre-deprivation hearing. The constitutional violation occurs at the moment of seizure. *Abdeltawab*, Dkt. 9 at 6 (quoting *Martinez Cruz*, 2025 WL 4051129, at *5).

Because re-detention without a pre-deprivation hearing violates the Fifth Amendment's Due Process Clause, the remedy is immediate release, not a new bond hearing. *Amro*, Dkt. 9 at 6; *Njafuh*, slip op. at 2; *Kalkan*, slip op. at 2; *Mayank*, slip op. at 2.

**<u>A Bond Hearing Improperly Places Burden on the Respondent And Will Result in a Denial Because He is "EWI"</u>**

In *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), the Ninth Circuit has held that "deprivation of liberty — is so significant, a clear and convincing evidence standard of proof provides the appropriate level of procedural protection." *Id.* 1204. Although these cases involve prolonged detention, placing the burden on the Petitioner is unconstitutional.

The Ninth Circuit has held in in *Casas-Castrillon* v. *v. Dep't of Homeland Sec*, 535 F.3d 942 (9th Cir. 2008) the burden of establishing whether detention is justified falls on the government. *Id.* at 951. The decision notes "[A]n alien is entitled to release on bond unless the '*government* establishes that he is a flight risk

or will be a danger to the community." (quoting *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005).

Furthermore, in *Martinez v. Clark*, (9th Cir. 2024) 124 F.4th 775, the Ninth Circuit noted "due process requires immigration courts to make contemporaneous records of bond hearings *and the government to prove* dangerousness or risk of flight by clear and convincing evidence." *Id.* 786 (emphasis added).

*See, also, Rajnish v. Jennings*, 2020 WL 7626414, at * 6 (N.D. Cal. 2020) (analyzing why general due process principles and the Ninth Circuit's decision in *Singh* lead to the conclusion that the government must bear the burden at non-prolonged detention bond hearings); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJCCSK, 2025 WL 3551700, at *5 n.1 (E.D. Cal. Dec. 11, 2025) (collecting cases); *De La Garza v. Albarran,* No. 25-CV-10305-HSG, 2025 WL 3707049, at *2 (N.D. Cal. Dec. 22, 2025). *See also Martinez*, 124 F.4th at 780–82 (nowhere contesting district court's framing that "[t]o comply with due process" the government had to "to show by clear and convincing evidence that [the petitioner] present[ed] a flight risk or a danger to the community at the time of the bond hearing") (quotation omitted).

Placing such a burden on the Government is consistent with other recent District Court decisions within the Ninth Circuit. *See, e.g., Gonzalez v. Acting*

*Warden of the Adelanto Det. Ctr*., No. EDCV 26-1348-AS, 2026 U.S. Dist. LEXIS 82973, 2026 WL 993190, at *2 (C.D. Cal. Apr. 13, 2026) ("At the bond hearing, 'the Government shall bear the burden of proving by clear and convincing evidence that [Petitioner's] continued detention is justified,'" citations omitted); *Martinez v. Rios*, No. 5:26-CV-00679-SSS-BFM, 2026 U.S. Dist. LEXIS 43697, 2026 WL 576010, at *1 (C.D. Cal. Mar. 2, 2026) ("[c]onsistent with Ninth Circuit precedent, the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public."); *see also Balwan v. Bondi*, No. 2:26-CV-00248-LK, 2026 U.S. Dist. LEXIS 36758, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the Government should bear the burden); *Vazquez v. Mattos et al.*, No. 2:26-CV-00262-RFB-BNW, 2026 U.S. Dist. LEXIS 47608, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the Government to bear the burden) (citing *Singh* and *Martinez v. Clark*); *Lima v. Wofford*, 2025 U.S. Dist. LEXIS 255908, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025) ("The statute is silent on the burden of proof required in a bond hearing under § 1226(a). However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a § 1226(a) bond hearing of justifying detention by clear and convincing evidence.") (citing *Sing*h, 638 F.3d at 1203-06); *Mendoza v. Noem et al.*, No. 1:26-CV-00702-JLT-EPG-HC, 2026 U.S. Dist. LEXIS 50503, 2026 WL

683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh* placing the burden on the Government should still be followed).

Even if the burden was properly placed on the Petitioner, Petitioner contends that the judge erred by determining he failed to satisfy his burden in light of his extensive ties and incentive to attend future immigration court hearings.

**District Courts Are Empowered to Order Immediate Release**

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). District courts may order immediate release under these circumstances. *See Soriano v. Hernandez*, (2026), 2:26-cv-00900-DGE , 2026 WL 969764, at *6; *W.T.M. v. Bondi*, 2026 U.S. Dist. LEXIS 21315, 2026 WL 22583, at *5; *Miri v. Bondi*, 2026 U.S. Dist. LEXIS 46944, 2026 WL 622302, at *11; *Garcia v. Hyde*, F. Supp. 3d , 2025 U.S. Dist. LEXIS 253787, 2025 WL 3466312, at *11.

Given the constitutional issues at stake, the Court should not require a bond hearing before the immigration judge. The Court should order immediate release. *See Nola v. DHS*, No. 5:26-CV-02180-MBK, 2026 WL 1330294, at *10 (C.D. Cal. May 13, 2026); *Perez Velasquez v. Bondi*, No. 26-CV-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026); *Espana v. Nessinger*, No. 26-CV-014-

JJM-PAS, 2026 WL 821788, at *13 (D.R.I. Mar. 25, 2026); *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302, at *12 (C.D. Cal. Mar. 5, 2026); *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *6 (W.D. Wash. Apr. 10, 2026); *Perdomo v. Noem*, No. 2:25-CV-05605-MEMF-SP, 2025 WL 3050056, at *7 (C.D. Cal. July 30, 2025); *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 243 (W.D.N.Y. 2019); *Enoh v. Sessions*, No. 16-CV-85(LJV), 2017 WL 2080278, at *10 (W.D.N.Y. May 15, 2017).

## CLAIMS FOR RELIEF

### COUNT ONE

### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706)

5. Under the APA, a court must set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).
6. The decision to detain someone previously allowed to live in the United States without any changed circumstances was arbitrary, capricious and an abuse of discretion.

7. Petitioner's detention therefore violates his substantive and procedural Due Process rights.

**COUNT TWO**

**VIOLATION OF FIFTH AMENDMENT**

8. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V.

9. The Due Process Clause requires the government to establish, at an individualized hearing before a neutral decisionmaker, that Petitioner's detention is justified by evidence of flight risk or danger, even after consideration of whether alternatives to detention could sufficiently mitigate that risk.

10. Petitioner's detention violates the Due Process Clause because he is cannot obtain a bond hearing with the proper burden placed on the government.

**COUNT THREE**

**VIOLATION OF THE FIFTH AMENDMENT BY IMPROPER PLACING THE BURDEN OF PROOF**

9. Placing the burden on Petitioner to prove he is not a danger or flight risk violates the Fifth Amendment. Given the unquestionably substantial liberty interest at stake for a long term resident of the United States, due process

requires the government to prove the necessity of detention by clear and convincing evidence.

10. The standard applied "to the satisfaction of the immigration judge" in bond hearings—is standardless and produces arbitrary and inconsistent decisions. In an environment of systemic bias and pressure to deport, the clear and convincing evidence standard is the only adequate safeguard against the erroneous deprivation of liberty.

## COUNT FOUR

### Violation of Procedural Due Process – No Pre-Deprivation Hearing

1. The allegations in the above paragraphs are re-alleged and incorporated herein by reference.
2. Petitioner has a protected liberty interest in remaining free from detention. That interest arises from the government's affirmative decision to allow him to live, work and remain freely in the United States.
3. Under the *Mathews* balancing test, the private interest in liberty is fundamental, the risk of erroneous deprivation is high when no pre-deprivation hearing is provided, and the government's interest in dispensing with a hearing is low, especially given Petitioner's extensive and long ties to the United States, lack of serious criminal history and prior compliance with

immigration authorities. *Mathews*, 424 U.S. at 335*; see also Kharitonova*, 2026 WL 531441, at *3; *Abdeltawab*, Dkt. 9 at 4-5; *Kalkan*, slip op. at 2-3.

4. Due process therefore requires a pre-deprivation hearing before a neutral decisionmaker, where the government would bear the burden of proving by clear and convincing evidence that Petitioner poses a flight risk or danger to the community. *See Abdeltawab*, Dkt. 9 at 4-5; *Njafuh*, slip op. at 2; *Mayank*, slip op. at 2; Kalkan, slip op. at 2-3. No such hearing was provided. Post-deprivation hearings cannot cure the lack of notice and pre-deprivation hearings. *Abdeltawab*, Dkt. 9 at 6 (quoting *Martinez Cruz*, 2025 WL 4051129, at *5).

5. Respondents have violated Petitioner's right to procedural due process under the Fifth Amendment. The appropriate remedy is immediate release to the *status quo ante*—the liberty he enjoyed before his arrest, without conditions. *Abdeltawab*, Dkt. 9 at 6

## COUNT FIVE

### Violation of Substantive Due Process (Fifth Amendment)

1. Petitioner incorporates by reference all preceding paragraphs.

2. Substantive due process forbids the government from detaining a person without a legitimate regulatory purpose. *Foucha*, 504 U.S. at 80. Civil immigration detention is permissible only to ensure appearance at removal

proceedings or to prevent danger to the community. *Zadvydas*, 533 U.S. at 690-92.

3. By releasing Petitioner and then allowing Petitioner to pursue his asylum claim, build a life in the United States, and begin working, Respondent's created a liberty interest that Petitioner reasonably relied upon.
4. Accordingly, Petitioner's Due Process rights have been violated.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;
2. Order Respondents to immediately release Petitioner from custody;
3. Order that Respondents may not re-detain Petitioner without first giving Petitioner a pre-deprivation hearing bond hearing where the burden is on the government to show by clear and convincing evidence flight risk or danger.
4. Award costs and reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and
5. Order any and all other relief that the Court deems just and proper.

Respectfully submitted, Dated: October 26, 2026

*/s/ Ashkan Yekrangi*

Ashkan Yekrangi, Esq.
*Counsel for Petitioner*

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Reza Saadat, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 26th day of October, 2026.

s/Ashkan Yekrangi
Ashkan Yekrangi

*Counsel for Petitioner*